## GOGO v. CONTINENTAL CASUALTY CO.

No. 6854.   Decided February 6, 1946.   (165 P. 2d 882.)

See 32 C. J. S., Evidence, sec. 567; 29 Am. Jur., 1164.

*Moyle & Moyle,* of Salt Lake City, for appellant.

*Ingebretsen, Ray, Rawlins & Christenson,* of Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff sued to recover for alleged total disability under a policy of health and accident insurance. He alleged that he suffered an accident on April 22, 1944, during the course of his employment, and that as a result he became totally disabled from engaging in his occupation either by reason of such accident or as a result of illness. The jury returned a verdict of "no cause of action." On this appeal he assigns as error: (1) the refusal of the court to grant his motion for a new trial, on the ground that the verdict was contrary to the evidence, and (2) prejudicial error in certain instructions.

As to the origin of the alleged disability, appellant testified that some men at work were playing horseshoes between the railroad tracks; that as he emerged from a supply shed with oiler waste a horseshoe struck him on the side of the head; that he sank to his knees, became dizzy, bled profusely, was sent to a first-aid station, and then taken to a hospital where a cut about $1\frac{1}{4}$ inches in length was sutured. He returned to work the same day, but did not thereafter resume his employment. He was treated by several doctors, to whom he complained of severe headaches which made it impossible for him to work, and which became aggravated as he lowered his head. One doctor found that he had a sinus infection, and operated to relieve the condition, believing it was then the cause of the claimed headaches. This doctor stated that at first he believed the headaches were caused by sinus infection because of the pus drainage, but after the operation when plaintiff continued to complain of severe

headaches the doctor concluded that the head-injury was the cause. The doctor expressed the opinion that appellant was then not in a condition to perform the duties of his employment. The company doctor who examined plaintiff stated on his report that he believed the claims of severe headaches were greatly exaggerated. It appears that plaintiff had an unsettled claim against the railroad company under the Employers' Liability Act for alleged injuries sustained in the course of his employment, which constituted the alleged injury complained of in this case. The medical examiner for defendant, who took X-rays and made a general examination several weeks before trial, stated that he found no evidence of any injury other than a cut which had healed, no evidence of trauma, no skull fracture, and no physical condition which would account for pain. He expressed the opinion that the alleged pains were "subjective," and that the physical examination disclosed that plaintiff was physically able to perform the duties of his employment.

Counsel for appellant concede that if there was a conflict in the evidence, the finding of the jury may not be disturbed. However, counsel urge that the evidence clearly showed that either appellant was disabled by the blow on the head or by reason of sinus conditions which became very pronounced immediately after the date of the head-injury. There was medical testimony that plaintiff's expressions indicated pain and distress; that such expressions continued after treatment for sinus infection; that the sinus infection was such that it might induce headaches; but that such sinus condition had been cleared up so that it would no longer be the cause of any severe headaches; and that the head injury could cause severe headaches and that in the opinion of such doctor, injury was the cause of severe headaches of which plaintiff complained and that such headaches disabled plaintiff from performing the duties of his employment. However, this doctor did not testify that the plaintiff was disabled by reason of disease.

On the other hand there was medical testimony that the pains were "subjective"; that plaintiff was not suffering

from disease at the time of the examination, and that plaintiff was physically able to go to work. The testimony of plaintiff that his pains then were the same as the day following the accident, could very well be interpreted by the jury to mean that he had no more pain shortly after the accident than he had at the time of the trial; so that if they found that he was not suffering from actual pains (as distinguished from imaginary or subjective pains) at the time of trial, the alleged pains were subjective from the very first. Some of plaintiff's own testimony to the effect that when he went to sleep something suddenly hit him in the head, and that he could not go back to work because he would have to cross the railroad tracks, tended to support the opinion testimony that his pains were subjective. It is true, of course, that the inability of a medical examiner to find any physical factor which could account for a particular pain and that an examination disclosed nothing which would suggest the symptoms of pain, would not be conclusive evidence that the patient had no pain nor that he was not in fact disabled. The plaintiff, however, had the burden of proof to show that he was totally disabled either by reason of accident or by reason of illness. The assigned error that the verdict was contrary to the evidence, must be overruled, for the facts were not such that the jury could have arrived at only one conclusion and that no verdict other than one in favor of plaintiff could have been returned.

Appellant predicates prejudicial error in the giving of certain instructions and the refusal to give certain instructions in the charge to the jury as to the meaning of total disability under the provisions of the policy. The material provisions are as follows:

" 'Injury' as used in this policy means bodily injury which is the sole cause of the loss and which is affected solely through accidental means while the policy is in force. 'Sickness' as used in this policy means bodily sickness or disease contracted and commencing after the policy has been maintained in force for not less than fifteen consecutive days from its date and causing loss of time commencing while the policy is in force."

"If injury shall within ten days from the date of the accident wholly and continuously disable and prevent the Insured from performing each and every duty pertaining to his occupation, the Company will pay the Monthly Accident Indemnity for the period the Insured shall be so disabled, not exceeding twelve consecutive months."

"If sickness shall wholly and continuously disable and prevent the Insured from engaging in each and every occupation or employment for wage or profit, the Company will pay the Monthly Sickness Indemnity for the period the Insured shall be so disabled and under the regular care and attendance of a legally qualified physician or surgeon, not exceeding fifteen consecutive months."

In one of the instructions, the court summarized the language of the policy, charging the jury that in order to recover under the accident provisions the insured must have been disabled and prevented from "performing each and every duty pertaining to his occupation," and that in order to recover under the sickness indemnity provisions the plaintiff must have contracted bodily sickness or disease which wholly and continuously disabled and prevented him "from engaging in every occupation or employment for wage or profit." If such an instruction stood alone, unaided by any interpretation or explanation of the terms summarized, it would have been at least insufficient. However, by a subsequent instruction, the court clarified the meaning of the language of the policy, by charging the jury that the words

"performing each and every duty pertaining to plaintiff's occupation, means the ability of plaintiff to engage in his occupation of a railroad carman and to do substantially all of the duties necessarily and usually performed by one who follows such occupation."

Appellant contends that the court should have instructed the jury that plaintiff was wholly disabled if he was unable to perform some of the material duties of his employment. We see no error in this particular instruction given, for it follows the general rule previously announced by this court. See *Colovos* v. *Home Life Ins. Co.*, 83 Utah 401, 28 P. 2d 607, and *Gibson* v. *Equitable Life Assur. Society*, 84 Utah 452, 36 P. 2d 105.

If the language insisted upon by appellant actually varies in its meaning from the statement contained in the instruction as given, to require the giving of such instruction might result in endangering the distinction between the rules relating to total disability and partial disability, so that such distinction might be entirely eliminated or that the distinctions might become so imperceptible as to create confusion in that field of law. Taken as a whole, the instructions were not so insufficient or so defective as to constitute reversible error. The judgment is affirmed. Costs to respondent.

TURNER, WADE, and WOLFE, JJ., concur.

LARSON, Chief Justice (concurring).

I concur. But in so doing I note that I do not understand the opinion to hold that what might be termed as "subjective" or "imaginary" pain could never be considered as disabling a man, under the terms of insurance policies or compensation laws. All pains are largely subjective; that is, they exist in the mind, due to stimuli from the nerves at the loci of a trauma, infection or other disorder or unusual condition. I do not speak of feigned or malingering pains. Such are neither subjective nor imaginary. But if an injury disorders the functioning of the brain or nervous system, if it creates in the mind a real sense, conviction, or belief that such person is suffering pains of such intensity as would incapacitate him from work if the pains were what the opinion terms "actual" pains, such person is just as truly incapacitated as a result of the injury as though the pains were "actual." It matters not that the doctors can find no apparent physical cause for the pains, if they are not feigned they are just as real and incapacitating as though the doctor could explain physical conditions which caused them. If as the result of an injury the mind is so upset or disturbed that the man is conscious of sensations of pain, such pains are just as much the result of the injury as broken bones or other physical derangements.